107 F.3d 874
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard Dale TALBOTT, Defendant-Appellant.
 No. 96-2712.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 7, 1997.*
Decided Feb. 13, 1997.
 
 Before BAUER, EASTERBROOK and MANION, Circuit Judges.
 
 Order
 
 1
 Our first opinion in this case, 78 F.3d 1183 (1996), vacated the conviction on one count because of an error in instructing the jury, and affirmed the conviction on the other count but remanded for resentencing with a one-level reduction under the Sentencing Guidelines. On remand the prosecutor dismissed the first count of the indictment, eliminating the need for a second trial. The district court resentenced Talbott to 264 months' imprisonment (the original sentence had been 327 months), and he has filed another appeal.
 
 
 2
 Talbott's first argument is that he should not have been sentenced as an armed career criminal, because he does not have three distinct convictions for violent crimes. That argument was raised, and rejected, on the first appeal. 78 F.3d at 1189-90. Talbott does not argue that the law changed in the interim, so the law of the case leads us to reject it again.
 
 
 3
 His second argument is that 264 months' imprisonment for the "mere" possession of ammunition violates the cruel and unusual punishments clause of the eighth amendment. But of course it was not the possession of ammunition alone that led to this sentence. It was possession of ammunition by a convicted felon, coupled with three prior convictions for crimes of violence, that led to this outcome. Severe recidivist enhancements for violent criminals are proper under the Constitution. Rummell v. Estelle, 445 U.S. 263 (1980). The only case on which Talbott relies, Solem v. Helm, 463 U.S. 277 (1983), dealt with a bad $100 check. Talbott's criminal history puts him in a different class altogether. The district court also was entitled to rely on the fact that Talbott's crime was related to a violent altercation involving a rifle; the dismissal of that charge did not put the facts beyond notice. See United States v. Watts, 65 U.S.L.W. 3461 (U.S. Jan. 6, 1997).
 
 
 4
 AFFIRMED.
 
 
 
 *
 This successive appeal had been submitted to the original panel, which concluded that oral argument is unnecessary. See Fed.R.App.P. 34(a); Cir.R. 34(f)